**In re Gary & Charlotte VAN BROCK, Debtors.**

**Kurth & Kathe MAURITZ, Plaintiffs,**

**v.**

**Gary & Charlotte VAN BROCK, Defendants.**

**Bankruptcy No. 82–02278–BKC–TCB. Adv. No. 83–0531–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Aug. 22, 1983.

Margaret Cangilos, Miami, Fla., for plaintiffs.

Gary Zwickel, Lake Worth, Fla., for defendants.

Angus Campbell, West Palm Beach, for debtors/defendants.

## ORDER ON DEBTORS' EMERGENCY MOTION FOR DETERMINATION OF AMOUNT AND VALIDITY OF LIEN

THOMAS C. BRITTON, Bankruptcy Judge.

The emergency motion of these chapter 11 debtors (C.P. No. 7) was heard on August 16.

The debtors are selling certain Wisconsin property under a contract which requires a closing on August 21. This court's order of July 5 in this adversary proceeding (C.P. No. 6) provided, in part, that:

"not later than September 6, 1983, the debtors shall pay the entire sum due the plaintiffs as recited by that certain judgment entered in Case No. 80–CV–1350, Circuit Court of Walworth County, Wisconsin on September 9, 1982. If the parties are unable to agree as to the exact figure owed as to costs and other sums included in the judgment, then, this Court shall make that determination at a hearing to be held on September 6, 1983."

The parties have been unable to agree on one point, but do agree that the emergency justifies this accelerated determination.

The Wisconsin judgment provides, in pertinent part:

"If defendants Van Brock be late on any payment under the terms of the land contract and the provisions of this decree, the plaintiffs may have judgment against said defendants upon petition and without notice to the defendants for the amount then due, ... *and any additional amount due on taxes occasioned by taking the entire balance in one lump payment instead of annual installments...*".

The parties agree that a federal tax and a Wisconsin tax will be increased as a result of taking the entire balance in one lump payment instead of annual installments by the aggregate amount of $23,322. Plaintiff demand that sum from the closing. The debtors argue that because 11 U.S.C. § 506(b) makes no provision for a secured creditor to recover such damages as a part of his secured claim in bankruptcy, this sum should not be allowed.

I disagree with the debtors and agree with the plaintiffs that the sum in question is payable to the plaintiffs from the proceeds at closing, because the Wisconsin judgment is a consent decree reflecting the mutual agreement of the parties and because this court's order of September 9 was also a stipulated order. It is clear that the parties' agreements require the foregoing result. I find nothing in § 506(b) or anywhere else that would prohibit the parties from consenting to the terms agreed upon in this instance or that would render such an agreement unenforceable.

DONE and ORDERED at Miami, Florida, this 22nd day of August, 1983.